UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LANCE M. MALLETT doing business as GOT THE LEAD OUT, LLC, | ) ) ) | Case No. 3:19-cv-459 |
| *Plaintiff*, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Debra C. Poplin |
| HOLIDAY INN and RHONDA HARTMAN, | ) ) ) ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION

Before the Court is Defendants Holiday Inn's and Rhonda Hartman's motion to dismiss (Doc. 13). For the following reasons, Defendants' motion to dismiss will be **GRANTED**.

Prior to filing the instant action, *pro se* Plaintiff Lance M. Mallett initiated another action against Defendants on April 23, 2018. (*See* Doc. 1 in Case No. 3:18-cv-160.) On November 19, 2018, the Court dismissed that action without prejudice for failure to comply with the requirements set forth in Rule 4 of the Federal Rules of Civil Procedure. (Docs. 12, 13 in Case No. 3:18-cv-160.) In particular, the Court found that Plaintiff had failed—despite multiple warnings and opportunities—to prove that he had served defendants with process. (*See* Doc. 12 in Case No. 3:18-cv-160.) The Court also denied Plaintiff's two motions for reconsideration. (Docs. 15, 17 in Case No. 3:18-cv-160.)

On November 12, 2019, Plaintiff refiled his complaint in the instant action. (Doc. 1 in Case No. 3:19-cv-459.) On December 2, 2019, Plaintiff filed an amended complaint. (Doc. 3 in

Case No. 3:19-cv-459.) Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff was required to serve Defendants with the amended complaint no later than March 2, 2020.

Plaintiff failed to file proof of service by this deadline, and on March 3, 2020, the Court ordered Plaintiff to file a response showing good cause why the action should not be dismissed on or before March 13, 2020. (Doc. 8 in Case No. 3:19-cv-459.) Plaintiff did not file a response by this date, and the Court dismissed Plaintiff's claims without prejudice on March 16, 2020. (Docs. 10, 11 in Case No. 3:19-cv-459.)

The same day the Court dismissed the action, however, Plaintiff filed a response indicating that Defendants had been served on March 9, 2020 and retroactively requesting a seven-day extension in which to complete service. (*See* Doc. 9 in Case No. 3:19-cv-459.) On March 17, 2020, the Court granted Plaintiff's request for a seven-day extension and directed the Clerk to reopen this case. (Doc. 12 in Case No. 3:19-cv-459.)

However, to date, Plaintiff has not filed proof of service with the Court in a manner that complies with Rule 4. Although Plaintiff attached a bill and several text messages from a process server to his response to the Court's order to show cause in this action (*see* Doc. 9 in Case No. 3:19-cv-459), Plaintiff has still failed to prove that he has successfully served Defendants with process. Rule 4(*l*), concerning proving service, provides:

> **(1)** *Affidavit Required.* Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

Fed. R. Civ. P. 4(*l*)(1).

The bill and text messages attached to Plaintiff's response do not qualify as an affidavit, since they are not sworn statements in writing under oath and they are not verified in a way that would make them substitutes for an affidavit. *See Sfakianos v. Shelby Cty. Gov't*, 481 F. App'x

244, 245 (6th Cir. 2012) ("By definition an affidavit is a sworn statement in writing made . . . under an oath or on affirmation before . . . an authorized officer."); *Campbell v. Rutherford Cty., Tenn.*, Case No. 3:17-cv-00797, 2018 WL 4030568, at *4 (M.D. Tenn. Aug. 23, 2018), report and recommendation adopted, 2018 WL 4776072, (M.D. Tenn. Oct. 2, 2018); 28 U.S.C. § 1746 (explaining that, whenever federal law requires that a matter be proved by affidavit, that matter may also be proved by including the statement: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)." Moreover, the bill and text messages do not identify which documents Plaintiff sent and, thus, fail to demonstrate that Defendants received a copy of the summons and complaint in this case. *See* Fed. R. Civ. P. 4(c)(1); *Rutherford*, 2018 WL 4030568, at *4.

Federal Rule of Civil Procedure 12(b)(5) authorizes courts to dismiss complaints for insufficient service of process. Plaintiff has still failed to comply with the requirements set forth in Rule 4 and has failed to demonstrate that Defendants have been properly served with process. Accordingly, the Court will **GRANT** Defendants' motion to dismiss and will **DISMISS** Plaintiff's claims against Defendants **WITHOUT PREJUDICE**.[1]

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[1] As part of their motion to dismiss, Defendants argue that the Court should dismiss Plaintiff's claims pursuant to Rule 41(b) for failure to comply with the Court's orders and pursuant to Rule 12(b)(6) for failure to state a claim. (*See* Doc. 13 in Case No. 3:19-cv-459.) Because the Court finds that Plaintiff's complaint should be dismissed for insufficient service of process, the Court need not address whether dismissal is appropriate under Rule 41(b).